Stella Havkin, SBN 134334
HAVKIN & SHRAGO Attorneys at Law
20700 Ventura Boulevard, Suite 328
Woodland Hills, CA 91364
Telephone No. (818) 999-1568
Facsimile No. (818) 305-6040
Email: stella@havkinandshrago.com

Attorneys for Wesley H. Avery, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>DAVID MOLLAHASSANI and GRACE FERNANDEZ,<br><br>Debtors.<br><br>WESLEY H. AVERY, Chapter 7 Trustee,<br><br>Plaintiff,<br>vs.<br>RAHIM ABDUR-RAHMAN,<br><br>Defendant. | Case No. Case No.: 2:15-bk-16771-ER<br>Chapter 7<br><br>Adversary Case No.<br><br>**WESLEY H. AVERY, CHAPTER 7 TRUSTEE'S COMPLAINT FOR:**<br><br>   **(1) TURNOVER; AND**<br><br>   **(2) DECLARATORY RELIEF** |

**COMPLAINT**

,

1

Plaintiff, Wesley H. Avery, Chapter 7 Trustee ("Plaintiff" or "Trustee") states as follows:

### I.

### PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Plaintiff for Turnover and Declaratory Relief.

2. David Mollahassani and Grace Fernandez ("Debtors") are the Debtors in the bankruptcy case - case No. 2:14-bk-16771-ER. Debtors are married to each other and were married at all relevant times herein.

3. Plaintiff is the duly appointed Chapter 7 Trustee in the above-referenced bankruptcy case.

4. Defendant Rahim Abdur-Rahman is believed to be the Debtor's son based on the Debtors' testimony at the August 14, 2015 meeting of creditors pursuant to 11 U.S.C. §341a.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The matter is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and 157(b)(2)(A), (N) and (O). Venue properly lies in the judicial district pursuant to 28 U.S.C. §1409 in that the instant proceeding is related to the bankruptcy case presently pending under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California.

### II.

### GENERAL ALLEGATIONS

6. The Debtor filed three Chapter 13 cases between 2002 and 2003. The Debtors together filed a fourth Chapter 13 case on November 4, 2014 under case number 2:14-bk-29862-WB. In that Chapter 13 case, the Debtors did not list any interests in real property in their bankruptcy schedules. They also failed to list any moneys that were being held for them by anyone, let alone their family members. They also did not list any transfers of real property or any

other transfers in in their Statement of Financial Affairs in their last Chapter 13 case number 2:14-bk-29862-WB.

7.  The Debtors filed the instant Chapter 7 bankruptcy case on April 29, 2015. The Debtors did not list any moneys which were being held for their benefit by others including their family members. They also did not list any transfers of any of their assets in their Statement of Financial Affairs in the past two years.

8.  The Trustee is informed and believes and based thereon alleges that throughout 2013 and 2014, the Debtor provided to his daughter Mariam Seda Mollassani ("Mariam") the sum of $159,000 which was on deposit in Mariam's bank account at Bank of America.

9.  On or about April 22, 2015, the Debtor instructed Mariam to turn over the Debtors' money in the sum of One Hundred Thousand Fifty Nine dollars ("$159,000") to Defendant Rahim Abdur-Rahman for the purpose of hiding those funds from the Debtors' creditors. This is especially egregious in light of the fact that the Debtors filed for Chapter 7 bankruptcy seven days later on April 29, 2015 and intentionally failed to disclose any moneys being held for them by anyone. A true and correct copy of the check from Mariam to Defendant is attached hereto as Exhibit "1."

**FIRST CLAIM FOR RELIEF**

**FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE**

**[11 U.S.C. §542(a) and (e)]**

10. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 9, inclusive, of this Complaint, as if set forth individually in this First Claim for Relief.

11. The $159,000 which was transferred to Defendant by Mariam at the instruction of the Debtor is property of the Debtors' bankruptcy estate.

12. Pursuant to 11 U.S.C. §542(a) and (e), The Trustee is entitled to turnover of the $159,000 being held by Defendant for the benefit of his father, the Debtor.

## SECOND CLAIM FOR RELIEF

## DECLARATORY RELIEF

13. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 12, inclusive, of this Complaint, as if set forth individually in this Second Claim for Relief.

14. Through this Complaint, the Trustee seeks a judicial determination that:

(a) The $159,000 turned over by Mariam to Defendant at the instruction of the Debtor was done with Debtor's intent to hide assets from the Debtors' creditors;

(b) The $159,000 turned over to Defendant is property of the Bankruptcy Estate; and

(c) Defendant has no interest in the $159,000 which he is holding for the Debtors' benefit.

**WHEREFORE**, the Trustee respectfully prays for judgment against the Defendant as follows:

**AS TO THE FIRST CLAIM FOR RELIEF**:

1. For a judgment that Defendant is required to turnover to the Trustee $159,000 which he has been holding for the Debtors;

**AS TO THE SECOND CLAIM FOR RELIEF**:

2. For determination that (a) The $159,000 turned over by Mariam to Defendant at the instruction of the Debtor was done with Debtor's intent to hide assets from the Debtors' creditors; (b) The $159,000 turned over to Defendant is property of the Bankruptcy Estate; and (c) Defendant has no interest in the $159,000 which he is holding for the Debtors' benefit.

///

**AS TO ALL CLAIMS**:

    3.    For other further relief as this Court deems just and proper.

HAVKIN & SHRAGO

Date: September 15, 2015              /s/ Stella Havkin
Stella Havkin
Attorneys for Plaintiff Wesley H. Avery,
Chapter 7 Trustee

**EXHIBIT 1**

Bank of America | Online Banking | Accounts | Account Details | Accoun...    https://secure.bankofamerica.com/myaccounts/details/deposit/account-d..

**Bank of America**    Online Banking

## BofA Core Checking – 1510: Account Activity Transaction Details

| | |
|---|---|
| Check number: | 00000000017 |
| Post date: | 04/22/2015 |
| Amount: | -159,000.00 |
| Type: | Check |
| Description: | Check |

MARYAM S MOLLAHASSANI
10855 TERRA VISTA PKWY APT 111
RANCHO CUCAMONGA, CA 91730

PX    17

04/18/15

Pay to: Etrade Securities FBO Rahim Abdur-Rahman    $159,000

One hundred fifty-nine Thousand & 00/100

Bank of America
#36027010

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Stella Havkin, #134334<br>Havkin & Shrago Attorneys at Law<br>20700 Ventura Boulevard, Suite 328<br>Woodland Hills, CA 91367<br>Telephone 818 999-1568<br>Facsimile   818 305-6040<br>stella@havkinandshrago.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>DAVID MOLLAHASSANI and GRACE FERNANDEZ,<br><br>Debtor(s). | CASE NO.: 2:15-bk-16771-ER<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| Wesley H. Avery, Chapter 7 Trustee<br><br>Plaintiff(s)<br>Versus<br>Rahim Abdur-Rahman<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____
**Time:** _____
**Courtroom:** 1568

**Place:**
☑ 255 East Temple Street, Los Angeles, CA 90012
☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 1                            F 7004-1.SUMMONS.ADV.PROC

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Wesley H. Avery, Chapter 7 Trustee | **DEFENDANTS**<br>RAHIM ABDUR-RAHMAN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Havkin and Shrago, Attorneys at Law<br>20700 Ventura Boulevard, Suite 328, Woodland Hills, CA 91364<br>818 999-1568 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Turnover and declaratory relief.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 159,000.00 |

**Other Relief Sought**

**9**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| **NAME OF DEBTOR** DAVID MOLLAHASSANI AND GRACE FERENANDEZ || **BANKRUPTCY CASE NO.** 2:15-16771 ER |
| **DISTRICT IN WHICH CASE IS PENDING** Central District of California | **DIVISIONAL OFFICE** Los Angeles | **NAME OF JUDGE** Ernest M. Robles |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**   /s/Stella Havkin |||
| **DATE** 9/15/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** Stella Havkin ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.